

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-5142
Re: Interpretation of Senate
Bill No. 129, Regular Ses-
sion, 48th Legislature.

This will acknowledge receipt of your letter of re-
cent date requesting our opinion on the above stated subject.
Your specific question relative thereto is whether or not
hospitals are within the purview of this law.

Sections 1 and 5 of said Senate Bill 129 respective-
ly provide as follows:

"No female shall be employed in any factory,
mine, mill, workshop, mechanical or mercantile es-
tablishment, hotel, restaurant, rooming house,
theater, moving picture show, barber shop, beauty
shop, road side drink and/or food vending estab-
lishment, telegraph, telephone or other office, ex-
press or transportation company, or any State in-
stitution, or any other establishment, institution
or enterprise where females are employed, for more
than nine (9) hours in any one calendar day, nor
more than fifty-four (54) hours in any one calendar
week."

"The four preceding Sections shall not apply
to stenographers and pharmacists, nor to mercan-
tile establishments, nor telephone and telegraph
companies in rural districts, and in cities or
towns or villages of less than three thousand (3,000)
inhabitants as shown by the last preceding Federal
Census, nor to superintendents, matrons and nurses
and attendants employed by, in, and about such or-
phans' homes as are charitable institutions not run

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

for profit, and not operated by the State. In case of extraordinary emergencies, such as great public calamities, or where it becomes necessary for the protection of human life or property, longer hours may be worked; but for such time not less than double time shall be paid such female with her consent."

Hospitals are not specifically enumerated as being embraced within the terms of this Act, and, unless the phrase "any other establishment, institution or enterprise where females are employed" is construed to so include hospitals, they will not be within the scope of this bill.

In statutory construction it is a well settled rule of interpretation that an exception makes plain the intent that the statute should apply in all cases not excepted. Sutherland on Statutory Construction (2nd Ed.) § 494, p. 923; First Texas State Insurance Co. v. Smalley, 111 Tex. 68, 228 S. W. 550; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S. W. (2d) 59. This is, in our opinion, the proper construction to be placed upon the Senate Bill under discussion; that it applies to all establishments, institutions and enterprises where females are employed save those specifically excepted therefrom by the provisions of this Act. Such a construction certainly seems to be an expression of the spirit of the Act and further appears to be carrying out the intent of the Legislature; that is, to limit the number of hours that females may be employed within certain specified periods of time.

To further substantiate our opinion, if such need be necessary, we refer to the fact that Senate Bill 129 is derived in part from Articles 1569 to 1572, inclusive, of the Penal Code and Articles 5168 to 5172, inclusive, of Vernon's Annotated Civil Statutes, which in turn were repealed by Senate Bill 129 in order to make full use of our maximum manpower. The text of these repealed articles in which we are primarily interested in this discussion were not altered or modified by said Senate Bill. As originally written these repealed articles did not except from their application superintendents, matrons, or nurses and attendants employed by, in, and about such orphans' homes as are charitable institutions not run for profit and not operated by the State. These are certainly not

types of work as those enumerated in the articles or in any manner akin thereto, yet the Legislature deemed such work as within the purview of these statutes, for the 41st Legislature specifically excepted them from the application thereof. This is further indicative of the fact that the statutes apply to all establishments, institutions and enterprises where females are employed save those specifically excepted therefrom.

Submitted with your request was the suggestion that the doctrine of ejusdem generis furnishes the correct rule of construction with regard to the question under consideration. That where there are general words following particular and specific words, the former must be confined to things of the same kind, and hospitals, not being of the classes enumerated in Senate Bill 129, are not within its scope. As pointed out in Sutherland on Statutory Construction, pages 842 and 843, rules of interpretation of statutes are only intended to aid in ascertaining the legislative intent and not for the purpose of controlling the intention or of confining the operation of a statute within narrower limits than were intended by the lawmakers. In reading the bill under discussion, it clearly appears to have been the intent of the Legislature to regulate the number of hours which females may be employed in any and all enterprises save those specifically excepted. Furthermore, the doctrine of ejusdem generis appears to have no application where the specific words are not of the same nature. We quote in part from Section 409 of Endlich on Interpretation of Statutes:

"Further, the general principle in question applies only where the specific words are of the same nature. Where they are of different genera, the meaning of the general words remain unaffected by its connection with them. . . ."

An examination of Section 1 of Senate Bill 129 will show that the classes of enterprises enumerated are entirely independent of each other and of a wholly different nature. They are not limited to one genus, such as factories, but to numerous and different genera, such as hotels, restaurants, telegraph offices, theaters, and beauty shops. Therefore, we believe the doctrine of ejusdem generis is not the proper construction to be used in interpreting this bill.

It is the opinion of this department that Senate Bill 129 applies to all establishments, institutions and enterprises save those specifically excepted, and hospitals, not being listed among the exceptions, are within the purview thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Fred C. Chandler
Fred C. Chandler
Assistant

By Robert O. Koch
Robert O. Koch

APPROVED JUL 31 1948

ASSISTANT ATTORNEY GENERAL

ROK:db



APPROVED
OPINION
COMMITTEE
BY ____
CHAIRMAN